IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Edward Dawkins, Jr., ) | Case No.: 6:22-cv-4567-JD-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Niel McKeown, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court with a Report and Recommendation from United States Magistrate Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) of the District of South Carolina.[1] (DE 49.) Plaintiff Charles Edward Dawkins, Jr. ("Dawkins" or "Plaintiff"), a state prisoner proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983. At the time of the events alleged in his complaint, the Plaintiff contends that he was a pretrial detainee in the Union County Detention Center. (DE 1, pp. 4-5.) Plaintiff alleges that on March 24, 2022, he went to an eye specialist (Dr. Poole) who stated that Plaintiff needed surgery. Plaintiff claims that despite Defendants Niel McKeown ("McKeown) and Christy Lipe ("Lipe")[2] being made aware of the necessity of surgery, Plaintiff did not receive surgery. (DE 1, pp. 4-6.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Former defendant Christy Lipe was dismissed for failure to prosecute on July 24, 2023. (DE 33, 42.)

1

On June 20, 2023, Defendant Niel McKeown filed a Motion to Dismiss and a Motion for Summary Judgment. (DE 35, 38.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Plaintiff of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE 39.) The Plaintiff failed to file a response. As the Plaintiff is proceeding *pro se*, the Court filed a second order on July 28, 2023, giving the Plaintiff through August 18, 2023, to file responses to the motions. (DE 46.) The Plaintiff was specifically advised that if he failed to respond, the Magistrate would recommend that the Court dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Plaintiff did not respond.

The Report was issued on August 24, 2023, recommending that McKeown be dismissed for lack of prosecution. (DE 49.) Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, adopts the Report and Recommendation and incorporates it herein by reference.

It is, therefore, **ORDERED** that this action is dismissed failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

IT IS SO ORDERED.

S/ Joseph Dawson, III
United States District Judge

Florence, South Carolina
September 28, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3